IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERICK ALEX ECHEVERRIA ESCOBAR,

        Applicant,

v.                                                         Civil No. 10-313 LH/RHS

RAY TERRY,

        Respondent.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Respondent's Amended Motion to Dismiss Petition without Prejudice ("Motion to Dismiss"), filed July 1, 2010 **[Doc. 11]**. In his motion, Respondent contends that Petitioner Escobar "was deported to Mexico on June 3, 2010."[1] (Motion to Dismiss at 1). Respondent asserts that Petitioner's removal renders his habeas petition moot. Petitioner has not filed a response to Respondent's Motion to Dismiss.

The Court has jurisdiction of this § 2241 petition because Mr. Escobar was confined in New Mexico at the time he filed the petition. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004); United States v. Scott, 803 F.2d 1095, 1096 (10th Cir. 1986) ("A § 2241 petition for a writ of habeas corpus must be addressed to the federal district court in the district where the prisoner is confined."). Since that time, Respondent has apparently released Mr. Escobar from custody, and the petition is now moot. See, e.g., Boyce v. Ashcroft, 268 F.3d 953, 954 (10th Cir.

---

[1] Nothing indicates that Petitioner's departure occurred on June 3, 2010. Respondent points to a Warrant of Removal/Deportation, dated April 26, 2010. (Ex. A at 1, attached to Motion to Dismiss). The second page of the warrant indicates that Petitioner Escobar is "being removed" and that his departure was witnessed by an ICE official, whose signature is illegible. (Ex. A at 2). Both pages of the warrant are dated "Jun-30-2010" in the top left corner. Presumably, this is evidence that Petitioner Escobar was deported on or before June 30, 2010.

2001). Therefore, the petition should be dismissed unless an exception to the mootness doctrine applies.

The Tenth Circuit has recognized four exceptions to the mootness doctrine: (1) secondary or collateral injuries will survive after resolution of the primary injury; (2) the issue is capable of repetition while evading review; (3) the respondent voluntarily ceases an illegal practice but is free to resume it at any time; and (4) the case is a properly certified class action. See Riley v. Immigration & Naturalization Serv., 310 F.3d 1253, 1257 (10th Cir. 2002). This case is not a class action. Moreover, there is nothing in the record to indicate that the other exceptions apply. See id.

**WHEREFORE**,

**IT IS RESPECTFULLY RECOMMENDED** that the Amended Motion to Dismiss Petition without Prejudice **[Doc. 11]** be GRANTED, the petition for a writ of habeas corpus pursuant to § 2241 **[Doc. 1]** be DISMISSED without prejudice as moot, and this civil proceeding be DISMISSED.

**NOTE**: Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE